The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, Arkansas 72401
Dear Senator Bookout:
This is in response to your request for an opinion regarding the Arkansas "Freedom of Information Act" ("FOIA"), which is codified at A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Specifically, your inquiry focuses on the "open meetings" provision of the FOIA and its applicability to an arbitration hearing. Included with your request is a copy of a letter addressed to you from attorney Bill Penix of Jonesboro in which he states: "Ed Troutt of The Jonesboro Sun has consulted me about the Pocahontas School damage litigation. He advises that although a lawsuit is pending, arbitration is being planned. However, the arbitrators, `A.A.A.,' have advised that the hearings must be private and confidential."[1] In his letter, Mr. Penix also states that he feels certain funds of the Pocahontas School District will be expended for the arbitration. With respect to this matter, you have asked for an opinion on the following question, which I have restated in part:
 When a school district is a party in a pending lawsuit and both parties in the suit voluntarily agree to submit their dispute to arbitration, would the arbitration hearing (at which members of the school board, the opposing party, and the arbitrator or arbitrators would all be present) be required to be open to the public under A.C.A. 25-19-103(2)?
In response to your question, it is my opinion that the arbitration hearing would fall outside the scope of the Arkansas Freedom of Information Act, as it does not constitute a "meeting" for purposes of the act. As such, the hearing would not, in my opinion, be required to be conducted as a "public meeting" under A.C.A. 25-19-106(a), and thus the general procedures pertaining to the conduct of arbitration would govern. In this regard, Act 641 of 1993, appears to allow arbitration proceedings (including those in which governmental entities are participants) to be conducted in private.
Arkansas Code Annotated 25-19-103(2), as referenced in your question, defines "public meetings" to include the meetings of any boards of education. Similarly, Section 25-19-106(a), the "open meetings" provision of the FOIA, states that, "[e]xcept as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all . . . school districts . . . shall be public meetings." As a school board constitutes the "governing body" of a school district, and thus unquestionably falls within the scope of the FOIA pursuant to these provisions, their meetings must, as a general matter, be conducted as public meetings. It is my opinion, however, that the arbitration hearing at issue in your question is not a "meeting" of the school board for purposes of the FOIA. This determination is based on several factors, all of which relate to the nature of an arbitration hearing. Set forth below is a discussion of some of these factors.
First, unless otherwise provided by an arbitration agreement, it is the arbitrators, not the parties to the arbitration, which normally select the time and place for the hearing. Additionally, the parties to an arbitration proceeding generally have no control over the actual arbitration hearing; rather, it is the arbitrator or arbitrators which direct and control the format of the hearing. See generally J. Watkins, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at pp. 236-37 (discussing issue of whether it is a "meeting" of a governing body when its members attend a meeting, event, or function over which they have no control). In this regard, it is helpful to note that the hearing is generally conducted like a trial (though with less formalities and procedures such as evidentiary rules) in that both parties are entitled to be heard, to present their evidence material to the controversy, and to cross-examine witnesses appearing at the hearing. See generally A.C.A.16-108-205 (a provision of the Uniform Arbitration Act). An additional factor which is important to note is that a governmental entity, when a party to an arbitration hearing, is not technically engaged in making decisions with regard to governmental business. Rather, it is the arbitrator, after presentation of the case by the parties to the hearing, which decides the outcome of the case or controversy. Taken together, all of these factors, in my opinion, compel the conclusion that the arbitration hearing at issue here would not be considered a "meeting" of the school board for purposes of the FOIA and as such the FOIA is inapplicable in this case.[2]
As I have opined that the arbitration hearing would not constitute a "meeting" under the FOIA, presumably the general rules regarding the conduct of arbitration proceedings would govern in this instance. After reviewing the state statutes pertaining to arbitration in general (see A.C.A. 16-108-201 et seq.) and to the Uniform Arbitration Act (see A.C.A. 16-108-201
et seq.), which Arkansas has adopted, it appears that there are no provisions which relate to the issue of an arbitration hearing being open to the public. There is, however, an act which was passed in the 1993 legislative session which appears to allow dispute resolution processes, including arbitration proceedings, to be conducted in private. In this regard, Act 641 of 1993, codified at A.C.A. 16-7-101 to -107 (Repl. 1994), authorizes, and indeed encourages, various elements of government (including state and local officers and all other state and local officials, agencies, and districts) to use dispute resolution processes in resolving any and all cases in which they may be directly or indirectly involved, whether between themselves and members of the public or between any other state or local officer or government. A.C.A. 16-7-103. The act also contains confidentiality provisions, which are located in section 6 of the act, codified at A.C.A. 16-7-106, and which provide that communications made by participants in dispute resolution processes are confidential and not subject to disclosure and that records or writings made at such proceedings are also confidential. Arkansas Code Annotated16-7-106 provides:
 (a) Except as provided by subsection (c) of this section, a communication relating to the subject matter of any civil or criminal dispute made by a participant in a dispute resolution process, whether before or after the institution of formal judicial proceedings, is confidential and is not subject to disclosure and may not be used as evidence against a participant in any judicial or administrative proceeding.
 (b) Any record or writing made at a dispute resolution process is confidential, and the participants or third party or parties facilitating the process shall not be required to testify in any proceedings related to or arising out of the matter in dispute or be subject to process requiring disclosure or production of information or data relating to or arising out of the matter is dispute.
 (c) If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure. [Emphasis added.]
While the foregoing statute does not specifically state that dispute resolution proceedings are to be conducted in private, it would appear that this was the intent of the legislature since a public hearing would render the confidentiality provisions meaningless. That is, communications made by participants in dispute resolution processes, including arbitration, could not be kept confidential, as Act 641 provides, if a proceeding such as an arbitration hearing were open to the public.
In sum, it is my opinion that an arbitration hearing in this case would not be required to be open to the public since the hearing would not constitute a "meeting" of the school board for purposes of the FOIA. Additionally, it appears that Act 641 would allow arbitration hearings to be conducted in private.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that the lawsuit to which Mr. Penix refers in his correspondence was filed by the Pocahontas School District against a contractor who had done some work for the district. It is also my understanding that the parties to the lawsuit have voluntarily agreed to arbitration and that "A.A.A.," the arbitrators, refers to the American Arbitration Association.
[2] In Mr. Penix's correspondence, he appears to assume that the arbitration hearing would fall within the scope of the FOIA since public funds of the school district will be used to help pay for the arbitration. While it is true that certain nongovernmental or private entities (here, the arbitration association, which I assume is a private entity, that will be conducting the hearing) may fall within the scope of the FOIA if they are supported wholly or in part by public funds or expending public funds (see A.C.A. 25-19-103(2) 25-19-106(a)), it is also been held that the mere receipt of public funds is not, in itself, sufficient to bring a private organization within the FOIA; rather, the question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. See City of Fayetteville v. Edmark, 304 Ark. 179,801 S.W.2d 275 (1990). See also Op. Att'y Gen. Nos. 94-023,93-154, and 83-163. In my opinion, the arbitration association, which would be conducting the arbitration hearing, would not meet this test so as to bring the organization within the scope of the FOIA.